# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDWARD FEW, </br></br> Plaintiff, </br></br> v. </br></br> LABORERS DISTRICT COUNCIL PENSION & DISABILITY TRUST FUND NO. 2 </br></br> Defendants. | Case No. 19-cv- 1669 (APM) |

## MEMORANDUM OPINION

Pro Se Plaintiff Edward Few's Complaint, filed against Defendant Laborers District Council Pension & Disability Trust Fund No. 2, tersely makes the following allegation: "Not being paid the right amount of money for my time that I worked. I work[ed] 15 yrs. They are only paying me for one year worth of work. For my pension, I did not quit. I got hurt on the job also." Compl., ECF No. 1-2. Defendant moves to dismiss on the grounds that (1) Plaintiff failed to exhaust administrative remedies available under the pension benefit plan and, (2) to the extent Plaintiff asserts state law claims, they are preempted. *See* Def.'s Stmt. of P&A in Support of Def.'s Mot. to Dismiss, ECF No. 7-1 [hereinafter Def.'s Mot.], at 3–8. Although the court notified Plaintiff of the motion's filing, *see* Order, ECF No. 9, Plaintiff did not file a response. Notwithstanding Plaintiff's silence, the court evaluates Defendant's motion on its merits. *See Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 481–82 (D.C. Cir. 2016)

The court construes Plaintiff's claim as one for unpaid pension benefits arising under the Employee Retirement Income Security Act of 1974 ("ERISA"). That claim, however, must be dismissed for failure to exhaust remedies. "It is well established that, barring exceptional

circumstances, plaintiffs seeking a determination pursuant to ERISA of rights under their pension plans 'must . . . exhaust available administrative remedies under their ERISA-governed plans before they may bring suit in federal court.'" *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 40 F.3d 426, 431 (D.C. Cir. 1994) (quoting *Springer v. Wal–Mart Assocs. Group Health Plan*, 908 F.2d 897, 899 (11th Cir.1990)). Here, Defendant has come forward with evidence that the Fund tendered a check to Plaintiff in January 2005 in the amount of $2,208 for benefits payments retroactive to June 1, 2001. *See* Def.'s Mot., Decl. of Renee Parenti, ECF No. 7-2, ¶ 5; Def.'s Mot., Ex. C, ECF No. 7-2 at 112–13. Plaintiff did not, however, dispute the amount of that benefit payment per the procedures set forth in the Pension Fund Plan document. Decl. of Renee Parenti, ECF No. 7-2, ¶¶ 6–9. Accordingly, Plaintiff's claim under ERISA must be dismissed for failure to exhaust.

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 7, is granted. A separate final order accompanies this Memorandum Opinion.

Dated: September 3, 2019

Amit P. Mehta
United States District Court Judge